# KUNSTLER LAW
## Rebecca Heinegg, Of Counsel
42 Broadway • Suite 12-122 • New York, New York 10004
(212) 227-2303 • fax (212) 320-0230 • www. kunstlerlaw.net

October 6, 2015

**VIA ECF**
The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Akinnagbe et al v City of New York, et al*
              **14 CV 6147 (BMC)**

Dear Judge Cogan,

Along with Sarah Kunstler, Esq., I am counsel for plaintiffs in the above-captioned matter. I write in response to this Court's Order to Show Cause dated September 29, 2015, directing plaintiffs to show cause why the *Monell* claims are still viable following this Court's finding that an arrest in this case, if based on a mistake of law, was an objectively reasonable mistake.

In its order dated September 1, 2015, this Court did not reach the issue of whether probable cause in fact existed to arrest and prosecute plaintiffs (and therefore whether or not plaintiffs were deprived of a constitutionally protected right), but rather, awarded summary judgment to the individual defendants on the basis of qualified immunity. For this reason, the cases cited by defendants are inapposite, as they deal with matters in which the district court found as a matter of law that no constitutional violation occurred, not cases that turned solely on qualified immunity. *See Lebowitz v. City of New York*, 606 Fed. Appx. 17, 18 (2d Cir. 2015); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Plaintiffs maintain that there was not probable cause to arrest or prosecute them for the offenses of Obstruction of Governmental Administration (N.Y.P.L. § 195.05, "OGA") in particular (*see Dowling v. City of New York*, No.

Hon. Brian M. Cogan
October 6, 2015
Page 2 of 3

11-cv-4954, 2013 WL 5502867, at *4 (E.D.N.Y. Sept. 30, 2013) ("Failing to obey a police order, in and of itself, does not constitute a circumstance that gives rise to probable cause for an arrest for obstructing government administration.")), or for Disorderly Conduct (N.Y.P.L. § 240.20).

It is plaintiffs' contention that the decision to prosecute them, and in particular the decision to charge them with misdemeanor offenses, was a policy formulated by NYPD officials in advance of the protest on November 1, 2011, in order to discourage plaintiffs from continuing their campaign of protests in front of police precincts. This "deliberate" decision by the municipality lead directly to the prosecution of plaintiffs, who were required to return to court dozens of times before the charges against them were ultimately dismissed. *See Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) ("Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights.") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)).

The preliminary evidence that the individual defendants in this matter were acting pursuant to a policy directive are as follows: in his deposition, Captain Gardner testified that prior to the demonstration, he met with higher ranking police officials who had gathered at the 73rd Precinct, including Inspector Wright, Inspector Essig, and Chief Nelson. (See Exh. A, Gardner Dep. Excerpts 31:22-32:15.) Gardner testified that these officials communicated to him that the same group of demonstrators had blocked the doors to the 28th precinct at an earlier protest against "stop and frisk" in Harlem. (*Id.* at 52:6-53:16.) Gardner testified that he read the order instructing the plaintiffs that they were committing the offense of OGA from a card, and he could not recall who provided him with the card. (*Id.* at 92:7-92:13.) The individual officers testified nearly unanimously that they did not make personal decisions as to what charges or

allegations to make against plaintiffs, but rather were instructed by higher-ups in the NYPD legal department as to the arrest charges, and were either told the allegations to write in their arrest reports, or copied those allegations down from a piece of paper that they were provided by these same officials. (See Exh. B – G, Alzate, Anglisano, Chon, Meyers, Shon, and Vega Dep. Excerpts.)

In addition, the protesters engaged in protests against the NYPD's stop and frisk policy faced escalating charges at each demonstration; the protesters arrested in Harlem on October 21, 2011, were charged only with disorderly conduct; the protesters arrested in the instant matter on November 1, 2011, were additionally charged with the misdemeanor of OGA, and the protesters arrested subsequently in Queens for a similar protest on November 21, 2011, were charged with two counts of OGA.

Plaintiffs therefore seek to conduct additional discovery in order to obtain additional evidence of the municipal policy described herein.

We thank the Court for its time and consideration.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Rebecca Heinegg, Esq.
                                                  Sarah Kunstler, Esq.
                                                  *Attorneys for Plaintiffs*