UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                     :

OLUGBENGA AKINNAGBE, et al.,        :
                                       :

                  Plaintiffs,     :

                                       :  **SUPPLEMENTAL ORDER**

            - against -         :

                                       :  14 Civ. 6147 (BMC)

   THE CITY OF NEW YORK, et al.     :

                                       :

                  Defendants.    :

                                       :
----------------------------------------------------------- X

**COGAN,** District Judge.

     I have reviewed the parties' responses to my September 29, 2015 Order to Show Cause.

For the reasons set forth below, plaintiffs' <u>Monell</u> claims are dismissed.[1]

**BACKGROUND**

     On September 1, 2015, I granted summary judgment to defendants and dismissed

plaintiffs' claims for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983,

holding that the officer defendants were entitled to qualified immunity with respect to plaintiffs'

claims. <u>See</u> <u>Akinnagbe v. City of New York</u>, No. 14-cv-6147, 2015 WL 5124456 (E.D.N.Y.

Sept. 1, 2015). The parties appeared before me on September 9, 2015, and were ordered to file a

joint letter regarding plaintiffs' requested disposition of the remaining <u>Monell</u> claims and

defendants' objections, if any. In the parties' joint letter, plaintiffs stated that they intended to

pursue their <u>Monell</u> claim for malicious prosecution. I then ordered plaintiffs to show cause as

---

[1] Although defendants have not formally moved for summary judgment on plaintiffs' <u>Monell</u> claims, my Order dated September 29, 2015 requested additional briefing from parties as to whether the findings in my September 1, 2015 Order granting summary judgment also effectively disposed of plaintiffs' <u>Monell</u> claims. Both parties thus have had an opportunity to be heard and have been heard as to their positions. The instant Order serves as a supplement to my September 1, 2015 Order and reaches the <u>Monell</u> claims based on my previous findings and the parties' additional briefing.

to why their <u>Monell</u> claims were still viable in light of applicable law and my September 1, 2015

Order, which held that an arrest in this case, if based on a mistake of law, was an objectively

reasonable mistake.  Both parties were given the opportunity to argue this issue, and both parties

responded.

**<u>DISCUSSION</u>**

The inquiries for arguable probable cause and actual probable cause are distinct, but "[i]n

some cases, a discussion of why the relevant facts do not violate clearly established law may

make it apparent that in fact the relevant facts do not make out a constitutional violation at all."

<u>Pearson v. Callahan</u>, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009).  In this case, probable cause

to arrest depended on whether the dispersal order was lawful.  In my September 1, 2015 Order, I

found that defendants had arguable probable cause to arrest plaintiffs for disobeying a dispersal

order that required plaintiffs to "leave [the] sidewalk" or face arrest.  Although I did not hold that

the officer's dispersal order was a lawful time, place, and manner restriction, I held that it was

objectively reasonable for a police officer to believe the dispersal order was lawful.  As I

reiterated in my September 29, 2015 Order to Show Cause, plaintiffs may only bring <u>Monell</u>

claims where there is an underlying constitutional violation, and probable cause to arrest would

defeat any claim for malicious prosecution, in addition to a claim for false arrest.

Although I did not explicitly reach the question of actual probable cause, the basis for the

conclusions reached in my September 1, 2015 Order showed that there was probable cause to

arrest.  The Supreme Court has "repeatedly affirmed [that] the ultimate touchstone of the Fourth

Amendment is reasonableness," and it therefore allows for some mistakes of "reasonable men."

<u>Heien v. N. Carolina</u>, 135 S. Ct. 530, 536 (2014) (citing <u>Riley v. California</u>, 134 S. Ct. 2473,

2483 (2014), and <u>Brinegar v. United States</u>, 338 U.S. 160, 69 S. Ct. 1302 (1949)) (internal

quotations omitted). "[T]hose mistakes – whether of fact or of law – must be *objectively* reasonable." Id. at 539.

In Heien, the Supreme Court held that reasonable suspicion could rest on a reasonable mistake of law. Circuits have since applied the analysis in Heien to find that probable cause, too, may rest on a reasonable mistake of law. See Cahaly v. Larosa, 796 F.3d 399, 408 (4th Cir. 2015) ("Even if that determination was wrong as a matter of law, officers may have probable cause to arrest based on 'reasonable mistakes of law.'"); Bosarge v. Mississippi Bureau of Narcotics, 796 F.3d 435, 442 (5th Cir. 2015) (finding important "the well-established rule that reasonable mistakes by police officers, even leading to the arrest of the wrong person, do not implicate the Fourth Amendment"); see also United States v. Diaz, No. 15-CR-272 JMF, 2015 WL 4879191 (S.D.N.Y. Aug. 14, 2015) (citing Heien and holding that even if the officer was mistaken about the applicability of the law, her mistake was an objectively reasonable one).

Such an extension of Heien is not surprising given the Supreme Court's discussion of prior Supreme Court case law, going back to the Nineteenth Century, which held that reasonable mistakes of law, like those of fact, would justify findings of probable cause. Heien, 135 S. Ct. at 536–37. In fact, the Supreme Court appears to draw the line of reliance on reasonable mistakes at the stage of criminal liability, not at the stage of search and seizure. Id. at 540 ("The true symmetry is this: Just as an individual generally cannot escape criminal liability based on a mistaken understanding of the law, so too the government cannot impose criminal liability based on a mistaken understanding of the law.").

Applying the Heien analysis to the facts of this case, it follows that, even assuming the officers' belief as to the lawfulness of the dispersal order was mistaken – an issue I need not reach here – such a belief could sufficiently form the basis of plaintiffs' arrests. As I held in my

September 1, 2015 Order, it "simply cannot be called unreasonable, let alone incompetent or a knowing violation of law" to have believed the officers' dispersal order to be a valid time, place, and manner restriction. Having found in my September 1, 2015 Order that a mistake of law by the officers was an objectively reasonable mistake, in light of <u>Heien</u>, it is evident that the officers in this case had probable cause to arrest plaintiffs for violation of the dispersal order.

In turn, because officers had probable cause to arrest – and therefore did not commit a constitutional violation – plaintiffs' <u>Monell</u> claims also fail.

### CONCLUSION

Plaintiffs' <u>Monell</u> claims are dismissed. The Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.


Dated: Brooklyn, New York
        October 18, 2015